IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KADEEM R. TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-011 |
| | ) | |
| TIM WARD, Commissioner; DIRECTOR SHEPPARD; JERMAINE WHITE, Warden; DEPUTY WARDEN WICKER; DEPUTY WARDEN KEITH; and DEPUTY WARDEN BEASLEY, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. The case originated on December 9, 2020, when Plaintiff, along with eight other inmates submitted one, eight-page handwritten complaint generally alleging unsafe prison conditions at TSP. (Doc. no. 1.) Recognizing the improper attempt to join multiple inmates as plaintiffs in one lawsuit, United States District Judge Dudley H. Bowen, Jr., dismissed the multi-plaintiff case and directed the Clerk to open nine separate cases. See Coleman et al. v. Ward, CV 320-079, doc. no. 22 (S.D. Ga. Feb. 1, 2021). Upon opening a case in Plaintiff's name, the Court directed him to file an amended complaint on the standard complaint form used by

incarcerated litigants in the Southern District of Georgia and include all matters relevant to the claims personal to him. (Doc. no. 5, pp. 2-3.)

Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.  BACKGROUND

Plaintiff names the following Defendants in his amended complaint: (1) Tim Ward, Commissioner of Georgia Department of Corrections ("DOC"); (2) Director Sheppard, Georgia DOC; (3) Deputy Warden Beasley, TSP; (4) Deputy Warden Wicker, TSP; (5) Warden Jermaine White, TSP; and (6) Deputy Warden Keith, TSP. (Doc. no. 6, pp. 1-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On June 26, 2020, six to eight TSP inmates "jumped and assaulted" Plaintiff, and while he was out for medical treatment, his personal property "was taken elsewhere." (Id. at 4.) On August 16, 2020, Plaintiff was placed in a new cell without his property or a mat and was "sprayed" because he would not close the flap on the cell door without getting his property. (Id. at 5.) His property was not returned for seven days, and he was not allowed to shower after he was sprayed. (Id.) On January 5, 2021, Plaintiff asked to move to a new dormitory because he did not feel safe in his current location. (Id. at 8.) The cell to which Deputy Warden Beasley immediately moved Plaintiff did not have a sink, and he was not moved to a cell with a sink "for several days." (Id.) Deputy Warden Beasley and the correctional officers he supervises acted unprofessionally during their interactions with Plaintiff, and Warden White did nothing to correct the misbehavior. (Id. at 4, 5, 8, 10.)

Plaintiff alternately claims that he did, and did not, file a grievance about the events described. (Id. at 10.) He also states his grievance was denied, but he did not file an appeal "because [he] felt [he] was right." (Id.) Plaintiff seeks $90,000 in damages. (Id. at 7.)

## II.    DISCUSSION

### A.    Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'"

3

or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff Fails to State a Claim for Relief against Defendants Ward, Sheppard, Wicker, and Keith

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has failed to state a viable § 1983 claim against Defendants Ward, Sheppard, Wicker, and Keith. As to the two DOC officials, Commissioner Ward and Director Sheppard, Plaintiff fails to mention either of these two Defendants in his statement of claim, and he does not list them in the portion of the amended complaint reserved for listing each Defendant individually.[1] (Doc. no. 6, pp. 2-3, 4-5, 7-8.) As to Deputy Wardens Wicker and Keith, Plaintiff lists them as Defendants in both the caption and the individual listing portion of the amended complaint, but he does not mention either of them in his statement of claim. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the

---

[1]Although Defendants Ward and Sheppard are listed in the caption on page one of the amended complaint, it appears he simply copied the caption from the original, improper complaint, which included the list of nine Plaintiffs.

4

caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Plaintiff never mentions, let alone describes, any alleged wrongdoing by Defendants Ward, Sheppard, Wicker, and Keith. Accordingly, Plaintiff fails to state a claim for relief against them, and these four Defendants should be dismissed.

### C. Plaintiff Fails to State a Claim for Loss of Personal Property

Plaintiff's allegations regarding loss of his personal property fail to state a federal claim for relief. The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. Grant v. Newsome, 411 S.E.2d 796, 799 (Ga. App. 1991). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Thus, Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 claim against any Defendant for the loss of any personal property.

### D. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted Because He Did Not Exhaust Administrative Remedies

#### 1. The Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or

5

any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Dismissal for failure to state a claim is appropriate if it is clear from the face of a complaint that the plaintiff failed to exhaust administrative remedies. See Jones v. Bock, 549 U.S. 199, 215 (2007); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (*per curiam*); Solliday v. Federal Officers, 413 F. App'x 206, 208 (11th Cir. 2011) (*per curiam*); Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008) (*per curiam*).  The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (*per curiam*); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Rather, "[t]his provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson, 418 F.3d at 1159.

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit.  Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008) (*per curiam*); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).  Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective."  Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326.  Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'"  Johnson, 418 F.3d at 1155, 1156.  "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."  Porter, 534 U.S. at 524.

### 2.    Administrative Grievance Procedure at TSP

The administrative grievance procedure is governed by the version of the Georgia DOC Standard Operating Procedure that resulted in the promulgation of Policy Number ("PN") 227.02, which became effective May 10, 2019.[2]  The grievance procedure has two steps:  (1) Original Grievance, and (2) Central Office Appeal.  PN 227.02 § IV(C).  The administrative remedies procedure commences with filing an Original Grievance via the Kisok/Tablet or with a counselor.  Id. § IV(C)(1)(c) & (d).  The inmate has ten calendar days "from the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the grievance.  Id. § IV(C)(1)(b).  The timeliness requirements of the administrative process may be waived upon a showing of good cause.  Id.  The grievance

---

[2]DOC policies cited herein are publicly available on the DOC web site.  See www.dcor.state.ga.us; *follow* link for Policies & Procedures and then Facilities Division; *click on* link for desired PN.

7

coordinator screens the grievance to determine whether to accept it for processing or recommend the Warden reject it. Id. § IV(C)(1)(e)(i). The grievance may be rejected, *inter alia*, if it raises one of the listed non-grievable issues, includes threats or insults, or raises more than one issue/incident. Id. § IV(C)(1)(e)(ii).

The policy requires the Warden provide a response to the prisoner who filed the grievance within forty calendar days from submission of the original grievance; a onetime ten-calendar-day extension may be granted. Id. § IV(C)(1)(f)(v). If the grievance is rejected, or if the time allowed for a response to the grievance has expired without action, the offender may proceed to step two of the grievance process, a central office appeal. Id. § IV(C)(1)(e)(v) & (c)(1)(f)(viii); § IV(C)(2). The inmate has seven calendar days from the date he receives the Warden's response to the grievance to file a central office appeal, but this time limit may be waived for good cause. Id. § IV(C)(2)(b). The Commissioner or his designee then has 120 calendar days after receipt of the grievance appeal to deliver a decision to the prisoner who filed the appeal. Id. § (C)(2)(e). If the central office appeal results in a determination the original grievance should have been accepted by the facility and processed, the grievance will be returned to the facility for investigation, and the Warden has fifteen calendar days from receipt of the returned grievance to give a decision to the prisoner who filed the grievance. Id. § (C)(2)(g). The prisoner has seven calendar days from receipt of the Warden's second response to file a second central office appeal. Id.

### 3.    Plaintiff's Failure to Exhaust

In his amended complaint, Plaintiff concedes he did not file an appeal "because [he] felt [he] was right," and his original grievance never should have been denied. (Doc. no. 6, p. 10.) The face of Plaintiff's pleading makes clear he did not complete the two-step

grievance process because he did not file an appeal. That is, Plaintiff improperly bypassed the appeals process when he decided not to file a central office appeal once his original grievance was denied.

Moreover, in the portion of the amended complaint where Plaintiff provided information about utilizing the grievance procedure, Plaintiff states he filed a grievance about "Officer Briley and Deputy Warden Beasley . . . not being professional." (Id.) Officer Briley is not a named Defendant, and because Plaintiff does not mention Defendants White, Wicker, or Keith, it is not entirely clear whether Plaintiff filed a grievance concerning all the issues in his amended complaint. However, the lack of information about the exact content of the grievance does not excuse Plaintiff from the PLRA's exhaustion requirement.

Allowing Plaintiff to decide for himself to bypass the appeals process defeats the rationale behind requiring "proper exhaustion":

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction. . . . For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds. We are confident that the PLRA did not create such a toothless scheme.

Woodford, 548 U.S. at 95; see also Pavao v. Sims, 679 F. App'x 819, 823 (11th Cir. 2017) (*per curiam*) ("To satisfy the exhaustion requirement, a prisoner must complete the

administrative process in accordance with the applicable grievance procedures set by the prison.").

Similarly here, allowing Plaintiff to proceed in federal court despite his decision to short circuit the grievance process by not filing an appeal would defeat the aims of PLRA to review the merits of a prisoner's claim(s), and would not promote "the corrective action that might have obviated the need for litigation, . . . filter . . . potential frivolous claims, . . .[or] develop[] . . . an administrative record to assist the courts in deciding the controversy." Johnson, 418 F.3d at 1159.  The PLRA requires proper exhaustion of available administrative remedies prior to filing a federal lawsuit, which includes a requirement for compliance with procedural rules governing prisoner grievances.  Id.  Additionally, because proper exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure *before* initiating this suit.  Higginbottom, 223 F.3d at 1261.  It is plain from the face of Plaintiff's amended complaint, indeed he concedes, that he failed to complete the entire grievance process prior to commencing this case.

In sum, Plaintiff did not properly exhaust his available administrative remedies, and therefore, the complaint fails to state a claim upon which relief can be granted.  See Solliday, 413 F. App'x at 208 ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").

III.   **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendants Ward, Sheppard, Wicker, and Keith, as well as based on any loss of personal property.  Plaintiff also failed to exhaust his administrative

remedies prior to filing his lawsuit.  Therefore, the Court **REPORTS** and **RECOMMENDS** the case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of April, 2021, at Augusta, Georgia.

*[Signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA